BARNS, PAUL D., Associate Judge
(concurring).
To a petition seeking a declaratory decree under Chapter 87, F.S.A., the appellants, as authorized by Rules of Civil Procedure, Rule 1.11(b), 30 F.S.A. filed motions to dismiss the complaint.
Appellant Carroll Dunscombe sought dismissal of the complaint on grounds, not so much addressed to the sufficiency of the complaint, but on factual allegations not appearing on the face of the complaint. “Speaking Motions” to dismiss complaints are not favored and must fail when not supported by the record. To overrule this motion was not error.
Appellant-defendant Janet K. Dunscombe moved the lower court “to dismiss the complaint” on the ground of want of jurisdiction over her person because of insufficiency of service of process. Mere insufficiency of service does not taint the complaint and is not per se ground for its dismissal. Rules of Civil Procedure rule 1.11(b), like Fed.R.Civ.P. rule 12(b), 28 U.S.C.A., permit defenses for insufficiency of service of process to be raised by “motion.” A motion is an application to the court for an order, judgment or decree and a party should move only for the kind of order, judgment or decree the' court may appropriately render. A motion to quash service of process for insufficiency of service would have been appropriate under the new rules, as it was under the previous practice. This the appellant did not do. This appellant has subjected herself to the jurisdiction of the court by her motion to dismiss the complaint, not having joined a motion to quash service of process for insufficiency thereof. Rules of Civil Procedure, Rule 1.11(b), (g) and (h). We find no error in denying her motion to “dismiss the complaint” even if the service of process be insufficient.